**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| TIM LAGROU, *et al.*, | ) | CASE NO.: |
| | ) | |
| Plaintiffs, | ) | JUDGE: |
| | ) | |
| vs. | ) | MAGISTRATE: |
| | ) | |
| WHIRLPOOL CORPORATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendant Whirlpool Corporation ("Whirlpool") hereby removes to this Court the state court action described below:

On March 28, 2013, Plaintiffs Tim Lagrou, *et al.* ("Plaintiffs") filed an action in the Court of Common Pleas for Sandusky County, Ohio, entitled *Lagrou v. Whirlpool Corporation*, Case No. 13 CV 306.

On March 29, 2013, Plaintiffs served the Summons and Complaint on Whirlpool via certified mail.  Whirlpool Corporation's Law Department received the Complaint on April 4, 2013.  Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

A true and correct copy of the Complaint, together with copies of all other process, pleadings, and orders served in this case, are attached hereto as Exhibit A.  To the best of Whirlpool's knowledge and belief, these documents constitute all of the process, pleadings, and orders as of this date. *See* 28 U.S.C. § 1446.

According to the Complaint, Plaintiffs are residents of Sandusky County, Ohio. Whirlpool is a Delaware corporation with its principal place of business in Benton Harbor, Michigan.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas for Sandusky County, Ohio, in accordance with 28 U.S.C. section 1446(d), along with a notice of that filing, a copy of which will be served on all parties.

The Complaint is removable to this Court, and this Court has jurisdiction, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. sections 1332, 1441(a)-(b), and 1453, because this is a putative class action involving more than 100 putative class members who are seeking to recover in excess of $5,000,000, and the parties are minimally diverse. *See* 28 U.S.C. § 1332(d).

## THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA

The Complaint alleges that Whirlpool owned a property formerly known as Whirlpool Park in Sandusky County, Ohio, from 1953 to 2008 (Compl. ¶ 12), and that Whirlpool contaminated the property with polychloryl biphenyls ("PCBs"), creating a "cancer cluster geographic region" and causing neighboring residents to suffer injury or death (*id.* ¶¶ 15-38).

Plaintiffs filed this putative class action on behalf of:

      a.     "All persons who have died resulting from exposure to PCBs or other toxic substances within the cancer cluster geographic region defined in paragraph 24, above"[1] (*id.* ¶ 40);

---

[1] Paragraph 24 of the Complaint describes the "cancer cluster geographic region" as "the northeastern portion of Sandusky County extending into southeastern Ottawa County and northwestern Erie County with a radius of 7.25 miles." (Compl. ¶ 24.)

b.       "All persons who have suffered a personal injury resulting from exposure to PCBs or other toxic substances within the cancer cluster geographic region defined in paragraph 24, above" (*id.*);

c.       "All persons and the children of persons who visited or used Whirlpool Park in its recreational capacity between 1953 and 2008" (*id.*); and

d.       "All persons who own property immediately adjacent to or within 4000 feet of Whirlpool Park or any other toxic waste dump site, and within 2000 feet of Grist Mill Creek, Green Creek, or any tributary north of Whirlpool Park or any other tributary flowing out of any other toxic waste dump site." (*Id.*)

The Complaint alleges claims for wrongful death, personal injury, medical monitoring, damage to property interests, continuing nuisance, and strict liability and seeks to recover compensatory and punitive damages, a medical monitoring fund, a cleanup fund, litigation costs and expenses, and attorneys' fees. (*Id.* at 14-21.)

CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. *See* S. Rep. No. 109-14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41; H. Rep. No. 108-144, at 36-37 (2005).  To effectuate this purpose, CAFA provides that putative class actions filed in state court are removable to federal court and expands federal jurisdiction over such class actions by amending 28 U.S.C. section 1332 to grant original jurisdiction where, as here, the putative class contains at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, based on the allegations in the Complaint, (1) the proposed class consists of 100 or more members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d); *see also Smith v. Nationwide Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007).

### 1.  The Putative Class Size Exceeds 100 Members

CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5).  In the Complaint, Plaintiffs purport to represent "no less than thousands of individuals . . . who used Whirlpool Park and who own property within the stated radius of the contaminated property and tributaries."  (Compl. ¶ 41.)  Thus, by Plaintiffs' own estimate, the number of people in the purported class easily exceeds 100.

### 2.  There Is Sufficient Diversity of Citizenship

The second CAFA requirement – that the parties be minimally diverse – also is readily satisfied here, because at least one putative class member is a citizen of a different state than at least one defendant.  28 U.S.C. § 1332(d)(2).

According to the Complaint, Plaintiffs were residents of Sandusky County, Ohio, at the time this action was filed. (Compl. at 3-5.)

Whirlpool is a Delaware corporation with its principal place of business in Michigan. (O'Brien Decl. ¶ 4 (attached as Exhibit B); Compl. ¶ 12 (Whirlpool "is a foreign corporation").) Thus, Whirlpool is a foreign corporation and was so at the time this suit was filed. *See* 28 U.S.C. § 1332(c)(1).

### 3.  The Minimum Amount in Controversy Requirement Is Satisfied

To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. 28 U.S.C. § 1332(d)(6).

It is well settled that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (footnotes omitted).  Hence, "plaintiffs' claim of damages exceeding the federal amount in controversy is presumed correct unless shown to a legal certainty that the amount is less than the federal standard." *Freeman v. Blue Ridge Paper Prods.*, 551 F.3d 405, 409 (6th Cir. 2008).

"As a general rule, the jurisdictional analysis must also take into account the ability of Plaintiff[s] and the putative class to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered." *Smith*, 505 F.3d at 408 (internal quotation marks omitted).

In the Complaint, Plaintiffs assert claims for compensatory damages "in excess of $25,000.00 each," as well as punitive damages "in the aggregate amount of $750 Million." (Compl. at 20.)  Further, Plaintiffs purport to represent proposed classes comprising "no less than thousands of individuals." (*Id.* ¶ 4.)

If Plaintiffs were to prevail on their request for class certification and recover class-wide judgment on behalf of the proposed classes, then Plaintiffs' recovery would be more likely than not to exceed the sum of $5,000,000. Indeed, assuming there are 1,000 class members who suffered the alleged $25,000 in compensatory damages, CAFA's $5,000,000 amount-in-controversy requirement is readily satisfied even without considering punitive damages.

### 4.  The Exceptions to CAFA Do Not Apply

The action does not fall within any mandatory or discretionary exception to removal jurisdiction set forth in 28 U.S.C. section 1332(d). Moreover, Plaintiffs, not Whirlpool, bear the burden of establishing any applicable exceptions to CAFA jurisdiction.[2]  *See Am. Gen. Fin. Servs. v. Griffin*, 685 F. Supp. 2d 729, 733 (N.D. Ohio 2010) ("Thus, those courts of appeals that have considered the issue have uniformly held that the party seeking remand bears the burden of establishing that the home state or local controversy exceptions apply."); *accord Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 78 (1st Cir. 2009); *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009); *Preston v. Tenet Healthsys. Mem. Med. Ctr., Inc.*, 485 F.3d 804, 812-13 (5th Cir. 2007); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007); *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 680-81 (7th Cir. 2006); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

Because the CAFA jurisdictional requirements are met, and because exceptions to the Court's exercise of jurisdiction do not apply, this case is properly removed under CAFA.

For these reasons, Whirlpool requests that the Court assume jurisdiction over this action.

---

[2] Whirlpool reserves its right to address these issues in detail if Plaintiffs file a motion to remand to state court.

Dated:  April 26, 2013                          Respectfully submitted,

                                                *s/Michael L. Hardy*
                                                Michael L. Hardy (0011717)
                                                Kip T. Bollin (0065275)
                                                Thompson Hine LLP
                                                127 Public Square
                                                3900 Key Center
                                                Cleveland, Ohio 44114
                                                Telephone:  (216) 566-5804
                                                Facsimile:  (216) 566-5800
                                                Email:      mike.hardy@thompsonhine.com
                                                            kip.bollin@thompsonhine.com

                                                and

                                                Michael T. Williams
                                                Wheeler Trigg O'Donnell LLP
                                                370 Seventeenth Street, Suite 4500
                                                Denver, Colorado 80202
                                                Telephone:  (303) 244-1800
                                                Facsimile:  (303) 244-1879
                                                Email:      williams@wtotrial.com

                                                and

                                                Stephen G. Morrison  (Pro Hac Vice to be filed)
                                                Robert H. Brunson  (Pro Hac Vice to be filed)
                                                Nelson Mullins Riley & Scarborough, LLP
                                                1320 Main Street, Suite 1700
                                                Columbia, South Carolina 29201
                                                Telephone:  (803) 255-9450
                                                Facsimile:  (803) 255-9057
                                                Email:      steve.morrison@nelsonmullins.com
                                                            robert.brunson@nelsonmullins.com

                                                Attorneys for Defendant Whirlpool Corporation

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 26th day of April, 2013, a copy of the foregoing

document entitled Notice of Removal was filed electronically with the District Court.  Notice of

this filing will be sent as follows:

By electronic and U.S. Mail:

> Joseph F. Albrechta, Esq.
> Albrechta & Coble, Ltd.
> 2228 Hayes Ave., Suite A
> Fremont, OH 43420
> [jalbrechta@lawyer-ac.com]
>
> *Attorney for Plaintiffs*

By U.S. Mail:

> Grist Mill Creek, LLC
> c/o Jonathan W. Abdoo, Statutory Agent
> 8 Knobby Drive
> Fremont, OH 43420
>
> *Defendant*

*s/Michael L. Hardy*
One of the Attorneys for Defendant
Whirlpool Corporation
